# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Lisa Goodman,<br><br>  Plaintiff,<br>v.<br><br>Credence Resource<br>Management, LLC<br><br>  Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Occupational Code ("MOC"), MCL 339.901 *et seq.*

2. Starting in October of 2019 Credence Resource Management, LLC ("CRM") used its automated dialers to harass Ms. Goodman with collection calls to her cell phone to collect on bills allegedly owed to CRM by another person. CRM used automated telephone dialing systems to place its calls. The

use of this technology in the placement of calls to Ms. Goodman was in violation of the TCPA.

3. The guiding principal of the TCPA is the need to protect the consumer from an invasion of privacy. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1999,* F.C.C. 07-232, 23 F.C.C.R. 559 ¶ 2(Dec. 28, 2007; released Jan. 4, 2008). FCC citing the Congressional purpose.

4. The FDCPA was, in part, enacted to address invasions of individual privacy caused by abusive debt collection practices. 15 U.S.C. § 1692(a).

5. "If the FDCPA makes one thing clear, it is that debt collectors must be circumspect in the way they choose to communicate with debtors. This is a highly regulated industry, and strict compliance is the order of the day." *Thompke v Fabrizio & Brook, PC,* 261 F Supp 3d 798 (E.D. Mich, 2017).

6. Plaintiff Lisa Goodman brings this action to enforce the TCPA's strict limits on calls placed through automated

telephone dialing systems ("ATDS"). Plaintiff seeks statutorily-authorized damages of $500-$1500 per illegal call, as well as injunctive relief requiring Defendant to comply with the law.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 47 U.S.C. § 227, 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k(d).

8. The acts and occurrences arose in this District. Plaintiff at all relevant times resided in Kent County, Michigan and Defendant transacts business in Kent County.

## PARTIES

9. Plaintiff, Lisa Goodman ("Ms. Goodman") is a natural person who resides in the County of Kent, State of Michigan.

10. At all times relevant to this Complaint, Plaintiff was and is a "person" as defined by 47 U.S.C. § 153(39).

11. Plaintiff is a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

12. Ms. Goodman is a "consumer" as defined by M.C.L. § 339.901(1)(f).

13. Defendant, Credence Resource Management, LLC ("CRM"), is a Nevada limited liability company with a principal place of business of 17000 Dallas Parkway, Suite 204, Dallas, Texas.

14. Defendant CRM uses at least one instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

15. Defendant CRM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Defendant CRM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. CRM is a "collection agency" as defined by M.C.L. § 339.901(b).

18. At all times relevant to this Complaint, CRM was and is a "person" as defined by 47 U.S.C. § 153(39).

19. At all relevant times to this Complaint, Ms. Goodman's cell phone, the phone number ending in 1254, was and is a number assigned to a cellular telephone service 47 U.S.C. § 227(b)(1)(A)(iii).

20. At all times relevant to this Complaint, CRM has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

21. CRM at all times relevant to the Complaint herein engaged in "telecommunications" defined at 47 U.S.C. § 153(50).

22. CRM at all times relevant to the Complaint herein engaged in "interstate communications" at 47 U.S.C. § 153(28).

23. At all times relevant to this Complaint, CRM has used, controlled, and/or operated "wire communications" as defined at 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

24. At all times relevant to this Complaint, CRM has used, controlled, and/or operated "automatic telephone dialing systems" as defined at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

## GENERAL ALLEGATIONS

25. Ms. Goodman maintains a cell phone in order to maintain personal contacts with family, friends, and as a device

through which she can seek emergency help.

26. The service for her cell phone is provided via a "cellular telephone service" as described at 47 U.S.C. § 227(b)(1)(A)(iii).

27. Sometime prior to October of 2019, upon information and belief, a person named Chris incurred a financial obligation that was primarily for personal, family or household purposes ("the Debt").

28. Upon information and belief, an individual identified by Defendant CRM named Chris defaulted on the Debt.

29. Upon information and belief, the Debt was a consumer debt.

30. Sometime after default, the Debt was assigned, sold, conveyed, delivered, consigned, placed, or otherwise transferred to Defendant CRM for collection.

31. At all times relevant to this Complaint, CRM's phone calls to Ms. Goodman's cellular phone were made in furtherance of its effort to collect the Debt.

32. The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

33. The Debt is a "debt" as that term is defined by MCL 339.901(1)(a).

34. The Debt is a "claim" as that term is defined by MCL 339.901(1)(a).

35. At all times relevant to this Complaint, Ms. Goodman did not have any business relationship with CRM, or any connection to CRM.

36. At all times relevant to this Complaint, Ms. Goodman did not owe any money to CRM.

37. In October of 2019, CRM began calling Ms. Goodman on her cell phone regarding the Debt.

38. Ms. Goodman's Caller ID indicated that the calls from Defendant were coming from (855)876-5350.

39. Defendant used telephone number (855)876-5350 when calling Plaintiff, but upon information and belief has used other telephone numbers as well.

40. During these calls there would be a beep and a pause when Ms. Goodman answered the calls of Defendant CRM.

41. On or about October 21, 2019, Defendant CRM called Ms.

Goodman's cell phone. When she answered the phone, she heard a beep, then there was a pause. She said "hello" multiple times before a person started to speak. The caller from Defendant CRM asked for a person named Chris. Ms. Goodman indicated that the caller had the wrong number.

42. After being informed on October 21, 2019, that Ms. Goodman's cell phone number ending in 1254 was not the number to reach Chris at, Defendant CRM continued to call Ms. Goodman's cellular telephone.

43. Ms. Goodman had to tell Defendant CRM multiple times that it was calling the wrong telephone number.

44. Since October of 2019, Defendant CRM has called Ms. Goodman multiple times.

45. Through the numerous calls, Ms. Goodman was able to determine that Defendant CRM was calling to collect on a debt that was not hers.

46. At all times material and relevant hereto, CRM used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227 (a)(1) and

47 C.F.R. 64.1200(f)(2).

47. CRM placed these calls using an automatic telephone dialing system.

48. Ms. Goodman did not give Defendant CRM permission to call her cell phone ending in 1254.

49. CRM continued to place calls to Ms. Goodman using its automatic telephone dialing system after learning it was the wrong number.

50. CRM uses its ATDS to contact a large number of people to collect, or attempt to collect, debts.

51. The purpose of each call to Ms. Goodman's cell phone was to attempt to collect a debt.

52. CRM did not make any calls to Ms. Goodman's cell phone for any emergency purpose.

53. CRM's placement of unconsented calls to Ms. Goodman's cell phone using the prohibited technology under the TCPA, constitutes a harassing, oppressive or abusive method of collection, in violation of M.C.L. § 339.915(n).

54. The natural consequence to calling Plaintiff's cell phone to

collect a debt that was did not belong to Plaintiff, after Defendant CRM was told it was calling the wrong number, was to harass, oppress, or abuse the Plaintiff.

55. The calls from CRM caused Ms. Goodman numerous interruptions, disruptions, caused wear and tear on her cellular telephone, impaired her ability to make or receive calls, and caused the loss of power to her cellular telephone.

56. As a result of CRM wrongful conduct, Ms. Goodman has suffered damages including negative emotional reactions, upset, annoyance, in addition to those listed in the immediately preceding paragraph.

57. Plaintiff has suffered an injury in fact traceable to CRM's conduct that is likely to be redressed by a favorable decision in this matter.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. CRM has negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*, including, but not limited to 47 U.S.C. § 227(b)(1)(A)(iii), in relation to Ms. Goodman.

60. As a result of CRM's negligent violations of the TCPA, Ms. Goodman may recover statutory damages of $500.00 for each and every call made in violation of the statute.

61. Alternatively, CRM has knowingly or willfully violated the TCPA in relation to Ms. Goodman.

62. As a result of CRM's willful violations of the TCPA, Ms. Goodman may recover statutory damages of up to $1,500.00 per call in violation of the statute.

### COUNT II.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. CRM's actions in attempting to collect the alleged debt owed by the individual CRM identified as Chris, or another individual who is not the Plaintiff, violated the FDCPA,

including, but not limited to 15 U.S.C. §§ 1692d, 1692d(5) and 1692f.

### COUNT III.
### VIOLATIONS OF THE
### THE MICHIGAN OCCUPATIONAL
### CODE, M.C.L. § 339.901 *et seq.*

65. Ms. Goodman incorporates the preceding allegations by reference.

66. CRM's actions in attempting to collect the alleged debt owed by the individual referred to by CRM as Chris, violated the MOC, including, but not limited to, M.C.L. § 339.915(n) and 339.915(q).

67. Ms. Goodman has suffered damages as a result of these violations of the MOC.

68. CRM's violations of the MOC were willful.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

A. Under the TCPA, an award to Plaintiff, as allowed by law for:

   i. a declaration that CRM violated the TCPA;

      ii.    statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against CRM;

      iii.    treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against CRM; and

      iv.    an injunction prohibiting CRM from contacting Ms. Goodman using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

B. Under the FDCPA, an award to Plaintiff, as allowed by law for:

      i.    actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      ii.    statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

      iii.    reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant CRM.

C. Under the MOC, an award to Plaintiff, as allowed by law for:

      i.    actual damages pursuant to M.C.L. § 339.916(2);

      ii.    treble damages pursuant to M.C.L. § 339.916(2); and

      iii.    reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

D. Other such relief this Court deems necessary, just, and proper.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: October 19, 2020

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
318 E. Main St., Ste. L
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com

## JURY DEMAND

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: October 19, 2020

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
318 E. Main St., Ste. L
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com