**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| LISA GOODMAN, | Judge Hala Y. Jarbou |
| Plaintiff, | Case No.: 1:20-cv-01000 |
| v. | Magistrate Judge Sally J. Berens |
| CREDENCE RESOURCE MANAGEMENT, LLC, | |
| Defendant. | |

**CREDENCE RESOURCE MANAGEMENT, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Now comes Credence Resource Management, LLC ("Credence"), through undersigned counsel, and for its answer and affirmative defenses to plaintiff's complaint, states as follows:

INTRODUCTION

1.  This action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Occupational Code ("MOC"), MCL 339.901 *et seq.*

**ANSWER:  Credence admits that plaintiff purports to bring this lawsuit pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Michigan Occupational Code ("MOC"), MCL 339.901, *et seq.*, but denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 1.  Except as specifically admitted, Credence denies the allegations in ¶ 1.**

2.  Starting in October of 2019 Credence Resource Management, LLC ("CRM") used its automated dialers to harass Ms. Goodman with collection calls to her cell phone to collect on bills allegedly owed to CRM by another person. CRM used automated telephone dialing systems to place its calls. The use of this technology in the placement of calls to Ms. Goodman was in violation of the TCPA.

1

**ANSWER: Credence denies any violations, wrongdoing, liability or damages, denies using an ATDS, and denies the allegations in ¶ 2.**

3. The guiding principal of the TCPA is the need to protect the consumer from an invasion of privacy. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1999*, F.C.C. 07-232, 23 F.C.C.R. 559 ¶ 2 (Dec. 28, 2007; released Jan. 4, 2008). FCC citing the Congressional purpose.

**ANSWER: Paragraph 3 contains a legal conclusion only, requiring no response. To the extent an answer is necessary, Credence denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 3.**

4. The FDCPA was, in part, enacted to address invasions of individual privacy caused by abusive debt collection practices. 15 U.S.C. § 1692(a).

**ANSWER: Paragraph 4 contains a legal conclusion only, requiring no response. To the extent an answer is necessary, Credence denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 4.**

5. "If the FDCPA makes one thing clear, it is that debt collectors must be circumspect in the way they choose to communicate with debtors. This is a highly regulated industry, and strict compliance is the order of the day." *Thompke v Fabrizio & Brook, PC*, 261 F. Supp. 3d 798 (E.D. Mich. 2017).

**ANSWER: Paragraph 5 contains a legal conclusion only, requiring no response. To the extent an answer is necessary, Credence denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 5.**

6. Plaintiff Lisa Goodman brings this action to enforce the TCPA's strict limits on calls placed through automated telephone dialing systems ("ATDS"). Plaintiff seeks statutorily-authorized damages of $500-$1500 per illegal call, as well as injunctive relief requiring Defendant to comply with the law.

**ANSWER: Credence denies any violations, wrongdoing, liability or damages, denies using an ATDS, denies the allegations in ¶ 6, and denies plaintiff is entitled to any relief.**

JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 47 U.S.C. § 227, 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k(d).

**ANSWER:** **Credence admits that jurisdiction is proper.  Except as specifically admitted, Credence denies the allegations in ¶ 7.**

8. The acts and occurrences arose in this District. Plaintiff at all relevant times resided in Kent County, Michigan and Defendant transacts business in Kent County.

**ANSWER:  Credence admits that jurisdiction and venue are proper.  Except as specifically admitted, Credence denies the allegations in ¶ 8.**

## PARTIES

9. Plaintiff, Lisa Goodman ("Ms. Goodman") is a natural person who resides in the County of Kent, State of Michigan.

**ANSWER:  Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9.**

10. At all times relevant to this Complaint, Plaintiff was and is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:  Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10.**

11. Plaintiff is a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

**ANSWER:  Credence denies any violations, wrongdoing, liability or damages, and denies the allegations in ¶ 11.**

12. Ms. Goodman is a "consumer" as defined by M.C.L. § 339.901(1)(f).

**ANSWER:  Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12.**

13. Defendant, Credence Resource Management, LLC ("CRM"), is a Nevada limited liability company with a principal place of business of 17000 Dallas Parkway, Suite 204, Dallas, Texas.

**ANSWER:  Credence admits it is a Nevada limited liability company and that it has an office at the address listed above.**

14. Defendant CRM uses at least one instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

**ANSWER:** Credence admits its business practices include, under certain circumstances, the collection of accounts using the mails.  Except as specifically admitted, Credence denies the allegations in ¶ 14 as calling for a legal conclusion.

15. Defendant CRM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**ANSWER:** Credence admits its business practices include, under certain circumstances, the collection of accounts owed to another.  Except as specifically admitted, Credence denies the allegations in ¶ 15 as calling for a legal conclusion.

16. Defendant CRM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**ANSWER:** Credence admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its collection efforts may be regulated by certain provisions of the FDCPA.  Except as specifically admitted, Credence denies the allegations in ¶ 16 as calling for a legal conclusion.

17. CRM is a "collection agency" as defined by M.C.L. § 339.901(b).

**ANSWER:** Credence admits its business practices include, under certain circumstances, the collection of accounts owed to another.  Except as specifically admitted, Credence denies the allegations in ¶ 17 as calling for a legal conclusion.

18. At all times relevant to this Complaint, CRM was and is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Credence admits that it is a limited liability company.  Except as specifically admitted, Credence denies the allegations in ¶ 18 as calling for a legal conclusion.

19. At all relevant times to this Complaint, Ms. Goodman's cell phone, the phone number ending in 1254, was and is a number assigned to a cellular telephone service [*sic*] 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 19.

20. At all times relevant to this Complaint, CRM has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

4

**ANSWER:** **Credence admits placing calls regarding the account identified in the lawsuit to a number plaintiff has identified as being registered to her. Except as specifically admitted, Credence denies using an ATDS, and denies the allegations in ¶ 20 as calling for a legal conclusion.**

21. CRM at all times relevant to the Complaint herein engaged in "telecommunications" defined at 47 U.S.C. § 153(50).

**ANSWER:** **Credence admits placing telephone calls regarding the account identified in the lawsuit to a number plaintiff has identified as being registered to her. Except as specifically admitted, Credence denies using an ATDS, and denies the allegations in ¶ 21 as calling for a legal conclusion.**

22. CRM at all times relevant to the Complaint herein engaged in "interstate communications" at 47 U.S.C. § 153(28).

**ANSWER:** **Credence admits placing telephone calls regarding the account identified in the lawsuit to a number plaintiff has identified as being registered to her. Except as specifically admitted, Credence denies using an ATDS, and denies the allegations in ¶ 22 as calling for a legal conclusion.**

23. At all times relevant to this Complaint, CRM has used, controlled, and/or operated "wire communications" as defined at 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

**ANSWER:** **Credence admits placing telephone calls regarding the account identified in the lawsuit to a number plaintiff has identified as being registered to her. Except as specifically admitted, Credence denies using an ATDS, and denies the allegations in ¶ 23 as calling for a legal conclusion.**

24. At all times relevant to this Complaint, CRM has used, controlled, and/or operated "automatic telephone dialing systems" as defined at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

**ANSWER:** **Credence denies using an ATDS, and denies the allegations in ¶ 24.**

GENERAL ALLEGATIONS

25. Ms. Goodman maintains a cell phone in order to maintain personal contacts with family, friends, and as a device through which she can seek emergency help.

**ANSWER:** **Credence is without knowledge or information sufficient to form**

a belief as to the truth of the allegations in ¶ 25.

26. The service for her cell phone is provided via a "cellular telephone service" as described at 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:   Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 26.**

27. Sometime prior to October of 2019, upon information and belief, a person named Chris incurred a financial obligation that was primarily for personal, family or household purposes ("the Debt").

**ANSWER:   Credence admits having an account in its office for money owed by a third party.  Except as specifically admitted, Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 27.**

28. Upon information and belief, an individual identified by Defendant CRM named Chris defaulted on the Debt.

**ANSWER:   Credence admits having an account in its office for money owed by a third party.  Except as specifically admitted, Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 28.**

29. Upon information and belief, the Debt was a consumer debt.

**ANSWER:   Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 29.**

30. Sometime after default, the Debt was assigned, sold, conveyed, delivered, consigned, placed, or otherwise transferred to Defendant CRM for collection.

**ANSWER:   Credence admits having an account in its office for money owed to a third party.  Except as specifically admitted, Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 30.**

31. At all times relevant to this Complaint, CRM's phone calls to Ms. Goodman's cellular phone were made in furtherance of its effort to collect the Debt.

**ANSWER:   Credence admits placing telephone calls regarding the account identified in the lawsuit to a number plaintiff has identified as being registered to her.  Except as specifically admitted, Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 31.**

32. The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**ANSWER: Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 32.**

33. The Debt is a "debt" as that term is defined by MCL 339.901(1)(a).

**ANSWER: Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 33.**

34. The Debt is a "claim" as that term is defined by MCL 339.901(1)(a).

**ANSWER: Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 34.**

35. At all times relevant to this Complaint, Ms. Goodman did not have any business relationship with CRM, or any connection to CRM.

**ANSWER: Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 35.**

36. At all times relevant to this Complaint, Ms. Goodman did not owe any money to CRM.

**ANSWER: Upon information and belief, admitted.**

37. In October of 2019, CRM began calling Ms. Goodman on her cell phone regarding the Debt.

**ANSWER: Credence admits placing telephone calls regarding the account identified in the lawsuit to a number plaintiff has identified as being registered to her. Except as specifically admitted, Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 37.**

38. Ms. Goodman's Caller ID indicated that the calls from Defendant were coming from (855) 876-5350.

**ANSWER: Credence admits placing telephone calls regarding the account identified in the lawsuit to a number plaintiff has identified as being registered to her, and that certain of those calls originated from the referenced number. Except as specifically admitted, Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 38.**

39. Defendant used telephone number (855) 876-5350 when calling Plaintiff, but upon information and belief has used other telephone numbers as well.

**ANSWER: Credence admits placing telephone calls regarding the account identified in the lawsuit to a number plaintiff has identified as being registered to her, and that certain of those calls originated from the referenced number. Except as specifically admitted, Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 39.**

40. During these calls there would be a beep and a pause when Ms. Goodman answered the calls of Defendant CRM.

**ANSWER: Credence denies the allegations in ¶ 40.**

41. On or about October 21, 2019, Defendant CRM called Ms. Goodman's cell phone. When she answered the phone, she heard a beep, then there was a pause. She said "hello" multiple times before a person started to speak. The caller from Defendant CRM asked for a person named Chris. Ms. Goodman indicated that the caller had the wrong number.

**ANSWER: Credence admits speaking with an individual on October 22, 2019 who identified themselves as a wrong party and that there were no further calls placed to the number. Except as specifically admitted, Credence denies the allegations in ¶ 41.**

42. After being informed on October 21, 2019, that Ms. Goodman's cell phone number ending in 1254 was not the number to reach Chris at, Defendant CRM continued to call Ms. Goodman's cellular telephone.

**ANSWER: Credence denies the allegations in ¶ 42.**

43. Ms. Goodman had to tell Defendant CRM multiple times that it was calling the wrong telephone number.

**ANSWER: Credence denies the allegations in ¶ 43.**

44. Since October of 2019, Defendant CRM has called Ms. Goodman multiple times.

**ANSWER: Credence denies the allegations in ¶ 44.**

45. Through the numerous calls, Ms. Goodman was able to determine that Defendant CRM was calling to collect on a debt that was not hers.

**ANSWER:** Credence admits speaking with an individual on October 22, 2019 who identified themselves as a wrong party and that there were no further calls placed to the number. Except as specifically admitted, Credence denies the allegations in ¶ 45.

46. At all times material and relevant hereto, CRM used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227 (a)(1) and 47 C.F.R. 64.1200(f)(2).

**ANSWER: Credence denies using an ATDS, and denies the allegations in ¶ 46.**

47. CRM placed these calls using an automatic telephone dialing system.

**ANSWER: Credence denies using an ATDS, and denies the allegations in ¶ 47.**

48. Ms. Goodman did not give Defendant CRM permission to call her cell phone ending in 1254.

**ANSWER: Credence is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 48.**

49. CRM continued to place calls to Ms. Goodman using its automatic telephone dialing system after learning it was the wrong number.

**ANSWER: Credence denies using an ATDS, and denies the allegations in ¶ 49.**

50. CRM uses its ATDS to contact a large number of people to collect, or attempt to collect, debts.

**ANSWER: Credence denies using an ATDS, and denies the allegations in ¶ 50.**

51. The purpose of each call to Ms. Goodman's cell phone was to attempt to collect a debt.

**ANSWER: Credence admits placing telephone calls regarding the account identified in the lawsuit to a number plaintiff has identified as being registered to her. Except as specifically admitted, Credence denies using an ATDS, and denies the allegations in ¶ 51.**

52. CRM did not make any calls to Ms. Goodman's cell phone for any emergency purpose.

**ANSWER:   Upon information and belief, admitted.**

53. CRM's placement of unconsented calls to Ms. Goodman's cell phone using the prohibited technology under the TCPA, constitutes a harassing, oppressive or abusive method of collection, in violation of M.C.L. § 339.915(n).

**ANSWER:   Credence denies any violations, wrongdoing, liability or damages, denies using an ATDS, and denies the allegations in ¶ 53.**

54. The natural consequence to calling Plaintiff's cell phone to collect a debt that was did not belong to Plaintiff, after Defendant CRM was told it was calling the wrong number, was to harass, oppress, or abuse the Plaintiff.

**ANSWER:   Credence denies any violations, wrongdoing, liability or damages, denies placing telephone calls to the subject number after speaking with the individual on October 22, 2019, and denies the allegations in ¶ 54.**

55. The calls from CRM caused Ms. Goodman numerous interruptions, disruptions, caused wear and tear on her cellular telephone, impaired her ability to make or receive calls, and caused the loss of power to her cellular telephone.

**ANSWER:   Credence denies any violations, wrongdoing, liability or damages, and denies the allegations in ¶ 55.**

56. As a result of CRM [*sic*] wrongful conduct, Ms. Goodman has suffered damages including negative emotional reactions, upset, annoyance, in addition to those listed in the immediately preceding paragraph.

**ANSWER:   Credence denies any violations, wrongdoing, liability or damages, and denies the allegations in ¶ 56.**

57. Plaintiff has suffered an injury in fact traceable to CRM's conduct that is likely to be redressed by a favorable decision in this matter.

**ANSWER:   Credence denies any violations, wrongdoing, liability or damages, and denies the allegations in ¶ 57.**

## COUNT I
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *et seq*.

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER: Credence repeats and realleges its answers to the preceding paragraphs as though fully stated herein.**

59. CRM has negligently violated the TCPA, 47 U.S.C. § 227 et seq., including, but not limited to 47 U.S.C. § 227(b)(1)(A)(iii), in relation to Ms. Goodman.

**ANSWER: Credence denies any violations, wrongdoing, liability or damages, and denies the allegations in ¶ 59.**

60. As a result of CRM's negligent violations of the TCPA, Ms. Goodman may recover statutory damages of $500.00 for each and every call made in violation of the statute.

**ANSWER: Credence denies any violations, wrongdoing, liability or damages, denies the allegations in ¶ 60, and denies that plaintiff is entitled to the any relief.**

61. Alternatively, CRM has knowingly or willfully violated the TCPA in relation to Ms. Goodman.

**ANSWER: Credence denies any violations, wrongdoing, liability or damages, an denies the allegations in ¶ 61.**

62. As a result of CRM's willful violations of the TCPA, Ms. Goodman may recover statutory damages of up to $1,500.00 per call in violation of the statute.

**ANSWER: Credence denies any violations, wrongdoing, liability or damages, denies the allegations in ¶ 62, and denies that plaintiff is entitled to the any relief.**

## COUNT II
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq*.

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER: Credence repeats and realleges its answers to the preceding**

paragraphs as though fully stated herein.

64. CRM's actions in attempting to collect the alleged debt owed by the individual CRM identified as Chris, or another individual who is not the Plaintiff, violated the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692d(5) and 1692f.

**ANSWER:** Credence denies any violations, wrongdoing, liability or damages, and denies the allegations in ¶ 64.

## COUNT III
## THE MICHIGAN OCCUPATIONAL CODE,
## M.C.L. § 339.901, *et seq*.

65. Ms. Goodman incorporates the preceding allegations by reference.

**ANSWER:** Credence repeats and realleges its answers to the preceding paragraphs as though fully stated herein.

66. CRM's actions in attempting to collect the alleged debt owed by the individual referred to by CRM as Chris, violated the MOC, including, but not limited to, M.C.L. § 339.915(n) and 339.915(q).

**ANSWER:** Credence denies any violations, wrongdoing, liability or damages, and denies the allegations in ¶ 66.

67. Ms. Goodman has suffered damages as a result of these violations of the MOC.

**ANSWER:** Credence denies any violations, wrongdoing, liability or damages, and denies the allegations in ¶ 67.

68. CRM's violations of the MOC were willful.

**ANSWER:** Credence denies any violations, wrongdoing, liability or damages, and denies the allegations in ¶ 68.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant as follows:

    A. Under the TCPA, an award to Plaintiff, as allowed by law for:

  i. a declaration that CRM violated the TCPA;

  ii. statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against CRM;

  iii. treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against CRM; and

  iv. an injunction prohibiting CRM from contacting Ms. Goodman using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

 B. Under the FDCPA, an award to Plaintiff, as allowed by law for:

 i. actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

 ii. statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

 iii. reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant CRM.

 C. Under the MOC, an award to Plaintiff, as allowed by law for:

 i. actual damages pursuant to M.C.L. § 339.916(2);

 ii. treble damages pursuant to M.C.L. § 339.916(2); and

 iii. reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

 D. Other such relief this Court deems necessary, just, and proper.

**ANSWER: In response to the allegations following ¶ 68, which constitutes a prayer for relief, Credence denies any violations, wrongdoing, liability or damages to the extent alleged, and denies plaintiff is entitled to any relief.**

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to the Complaint, Defendant Credence Resource Management, LLC avers as follows:

13

### FIRST AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established and in the event Credence is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Credence maintains robust procedures designed to ensure compliance with the FDCPA. Credence trains its employees on compliance procedures and regularly reviews and updates its procedures. Credence's procedures are reasonably adapted to prevent the violations of the FDCPA that have been alleged by the plaintiff herein.

### SECOND AFFIRMATIVE DEFENSE

Credence denies any liability; however, regardless of liability, plaintiff has suffered no damages as a result of the alleged violations of law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not incurred an injury in fact, and plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

### FOURTH AFFIRMATIVE DEFENSE

The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Credence Resource Management, LLC, respectfully requests that plaintiff's complaint be dismissed, with prejudice, and for all other general and equitable relief.

Dated: February 1, 2021

Respectfully Submitted:

*s/ Morgan I. Marcus*
Morgan I. Marcus
Sessions, Israel & Shartle, LLC
141 West Jackson Boulevard, Suite 3550
Chicago, Illinois 60604
Telephone:   (312) 578-0990
Email:          mmarcus@sessions.legal

Deborah Ann Lujan
Collins Einhorn Farrell PC
4000 Town Center, Suite 909
Southfield, MI 48075-1473
Telephone:   (248) 355-4141
Email:          Deborah.lujan@ceflawyers.com

*Attorneys for Defendant*
*Credence Resource Management, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of February, 2021, a true and correct copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

> *s/ Morgan I. Marcus*
> Morgan I. Marcus
>
> *Attorney for Defendant*
> *Credence Resource Management, LLC*