## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| LISA GOODMAN, | |
| Plaintiff, | Case No. 1:20-cv-1000 |
| v. | |
| CREDENCE RESOURCE MANAGEMENT, LLC, | Hon. Hala Y Jarbou |
| Defendant. | |

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for **March 9, 2021 at 11:00 am** before Magistrate Judge Sally J. Berens. Appearing for the parties as counsel, by telephone, will be:

B. Thomas Golden, for the plaintiff,

Morgan I. Marcus, for the defendant.

1.  Jurisdiction: The basis for the Court's jurisdiction is:

Jurisdiction of this Court arises under 15 U.S.C. § 1692(k), 47 U.S.C. § 227, 28 U.S.C. §§ 1331, 1367.

2.  Jury or Non−jury: This case is to be tried before a jury.

3.  Judicial Availability: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4.    Statements of the Case:

**Plaintiff's statement of the case:**

Plaintiff brings this action against Defendant for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Michigan Occupational Code ("MOC"), MCL 339.901 Defendant engaged in behavior that violated the above-referenced statutes when it called Ms. Goodman multiple times beginning in October of 2019, by using an automated telephone dialing system to call her even after Ms. Goodman informed defendant that it was calling the wrong number.

**Defendant's statement of the case:**

Credence admits speaking with an individual on October 22, 2019 who identified themselves as a wrong party, but denies that there were any further calls placed to the number.  Credence denies any violations, wrongdoing, liability or damages and denies calling plaintiff with an ATDS.

5.    Prospects of Settlement: The parties are attempting to settle this matter in good faith and are presently obtaining and exchanging information in an attempt to settle this case.

6.    Pendent State Claims: This case includes pendent state claims against the defendant under M.C.L. § 339.915(n) and 339.915(q).

7.    Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend  the pleadings by **April 30, 2021.**

8.    Disclosures and Exchanges:

(a) Fed.R.Civ.P. 26(a)(1) requires initial disclosures, including any lay witness identification, unless the court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

Disclosures shall be made by each party on or before **April 16, 2021.**

(b) The plaintiff expects to be able to furnish the names of plaintiff's expert witnesses(es) by 90 days before the date of trial. The defendant expects to be able to furnish the names of defendant's expert witness(es) by 60 days before the date of trial.

(c) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports if required, should be exchanged according to the following schedule:
   a. Plaintiff 90 days before the date of trial; and
   b. Defendant 60 days before the date of trial.

(d) The parties have agreed to make available the following documents without the need for a formal discovery request for production:

From the plaintiff to defendant, by April 16, 2021, screenshots of calls from defendant taken on plaintiff's phone.

From the defendant to plaintiff, by April 16, 2021, call logs, call data, and call recordings for calls to plaintiff's provided telephone number, as well as documents produced in connection with the subpoena to Boost Mobile to the extent it has been provided by Boost Mobile by that date.

9.   <u>Discovery:</u>

The parties believe that all discovery proceedings can be completed by **August 31, 2021.**

The parties, otherwise, agree to the presumptive limitations as described in the Court's Order dated February 5, 2021. (ECF No. 13).

10.   <u>Disclosure or Discovery of Electronically Stored Information:</u> The parties have discussed the production of electronically stored information and suggest  that such information be handled as follows:

> Call data and recordings are electronically stored information. The parties do not anticipate any disputes regarding ESI. The parties agree to abide by the applicable rules should the need arise. Further, the parties agree to work together to overcome any ESI obstacles prior to involving the Court in any such disputes.

11.   <u>Assertion of Claims of Privilege or Work-Product Immunity After Production:</u>

> Inadvertent production of otherwise privileged documentation shall not be deemed a waiver of its privileged status. A party may "claw back" such production by notifying the other party of its inadvertent production, and the grounds for the assertion of privilege or work-product protection, as soon as possible after the producing party discovers the inadvertent production, at which point the receiving party shall cease further examination of the material and return and/or destroy the inadvertently produced document or documents.

12.   <u>Motions:</u> The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

The parties contemplate filing motions for summary judgment. The parties anticipate that all dispositive motions will be filed within 30 days of the close of discovery.

13.     <u>Alternative Dispute Resolution:</u> In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

> The parties recommend that this case be  submitted to the following method(s) of alternative dispute resolution:

> The parties believe that a settlement conference with the magistrate judge is most appropriate after the completion of exchange of documents.

14.     <u>Length of Trial:</u> Counsel estimate the trial may last approximately one full day, allocated as follows: one-half day for plaintiff's case, one-half day for defendant's case, and zero days for other parties.

15.     <u>Electronic Document Filing System:</u> Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has  been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must <u>file </u>documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

16.     <u>Other:</u> Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

Respectfully submitted,

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
GOLDEN LAW OFFICES, P.C.
Attorney for the Plaintiff
318 E. Main St., Ste. L
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900


/s/ Morgan I. Marcus
Morgan I. Marcus
Sessions, Israel & Shartle, LLC
141 West Jackson Boulevard, Suite 3550
Chicago, Illinois 60604
Telephone: (312) 578-0990
Email:     mmarcus@sessions.legal